IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


SILAS KENDRICKS,

    Petitioner,

vs.                                          Case No. 4:11cv368-RH/WCS

EDWIN BUSS,,

    Respondent.

_____/


**REPORT AND RECOMMENDATION TO DISMISS PETITION**

    This cause is before the court on a pro se petition for writ of mandamus.  Doc. 1. Petitioner is in state custody serving a state sentence, and the clerk docketed the petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Petitioner also filed a motion to proceed in forma pauperis.  Doc. 2.  For purposes of dismissal, leave to proceed in forma pauperis is granted by separate order.

    The petition for writ of mandamus is styled with the name of this court, but references Fla.R.Civ.P. 1.630(a).  Doc. 1, p. 1.  Citations throughout are to state cases, statutes, rules, and the Constitution of the State of Florida.  In the certificate of service, Petitioner indicates a copy is sent to the "District Court of Appeal, Northern District,"

providing the address of this court.  *Id.*, p. 10 (p. 13 of the document as scanned in ECF) (Electronic Case Filing).  It is possible that Petitioner confuses this court, the United States District Court for the Northern District of Florida, with the Florida First District Court of Appeal, also located in Tallahassee.  Regardless, Petitioner is clearly not entitled to mandamus or habeas corpus relief in this court, and the case should be summarily dismissed.

The relief sought by Petitioner is an order compelling the Florida Department of Corrections (DOC) to compensate him for a pair of New Balance shoes, $ 49.99 plus tax, which were misplaced rather than stored by staff at Everglades Correctional Institution.  *Id.*, p. 9 (p. 12 in ECF).  He also asks the court to order that criminal charges be filed against certain employees of the DOC.  *Id.*, pp. 9-10 (pp. 12-13 in ECF).  He seeks "exemplary damages, for the mental anguish he has suffered for the time revealed in the documents [attached to the petition] of three (3) plus years," and any other appropriate relief.  *Id.*, p. 10 (p. 13 in ECF).

A § 2254 petition may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  § 2254(a).  Habeas is used to seek immediate or more speedy release, not damages.  Preiser v. Rodriguez, 411 U.S. 475, 493-494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973).  *See also*, Heck v. Humphrey, 512 U.S. 477, 480-487, 114 S.Ct. 2364, 2369-73, 129 L.Ed.2d 383 (1994) (discussing Preiser).

To the extent Petitioner is seeking some sort of mandamus relief (rather than simply couching his demand for monetary damages as a claim for mandamus relief), he is not entitled to it here.  A federal court has mandamus jurisdiction to compel an officer,

employee, or agency *of the United States* to perform a duty owed to a petitioner. 28 U.S.C. § 1361. Federal courts also "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Awarding damages is not necessary or appropriate in aid of this court's jurisdiction, particularly as this was filed as a habeas petition and damages are not available.

If Petitioner wishes to seek injunctive or other relief due to a violation of the Constitution or laws of the United States, he may file civil rights complaint pursuant to 42 U.S.C. § 1983. A § 1983 complaint form and in forma pauperis application form are available upon written request directed to the clerk. Petitioner is advised, however, that upon filing a complaint and in forma pauperis application, he will be subject to the Prison Litigation Reform Act (PLRA).[1]

As for Petitioner's request to initiate criminal charges, he is advised that the court does not commence investigations or initiate prosecutions. That is the role of the United States Attorney General (for federal prosecutions) or other executive agency, not the court. Indeed, the decision of a prosecutor as to whether pursue a prosecution and

---

[1] Under the PLRA (which does not apply to habeas corpus cases), even if leave to proceed in forma pauperis is granted the court may still access a partial filing fee, and Plaintiff will be required to pay back the entire fee ($ 350.00) in monthly installments. 28 U.S.C. § 1915(b)(1), (2). Further, the court will dismiss the case if it finds the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). Once a prisoner has had three such dismissals, he is precluded from proceeding in forma pauperis absent allegations of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:11cv368-RH/WCS

what offenses to charge is generally not subject to judicial review.  *See*, <u>Wayte v. United States</u>, 470 U.S. 598, 607-608, 105 S.Ct. 1524, 1530-31, 84 L.Ed.2d 547 (1985).

It is therefore respectfully **RECOMMENDED** that the petition for writ of mandamus (doc. 1) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 8, 2011.


  S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**